IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



FILED
AUG 27 2019
Clerk, U.S District Court
District Of Montana
Missoula

| UNITED STATES OF AMERICA, | Cause No. CR 16-02-H-DLC |
| --- | --- |
| Plaintiff/Respondent, | CV 19-18-H-DLC |
| vs. | ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| TRENT SCENTAIL SMITH, | |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Trent Scentail Smith's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Smith is a federal prisoner proceeding pro se.

## I. Preliminary Review

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the

1

burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On February 4, 2016, a grand jury indicted Smith on one count of conspiring to distribute and to possess with intent to distribute a substance containing methamphetamine, a violation of 21 U.S.C. § 846 (Count 1); six counts of distributing methamphetamine, violations of 21 U.S.C. § 841(a)(1) (Counts 2–7); and one count of possessing methamphetamine with intent to distribute it, a violation of 21 U.S.C. § 841(a)(1) (Count 8).

Counts 2 through 8 consisted of monitored transactions in which Smith sold or fronted escalating quantities of methamphetamine to two confidential informants and an undercover officer. Smith was arrested on July 22, 2015, with cocaine and about 1.3 kilograms of methamphetamine in his vehicle. He waived his *Miranda* rights and made self-incriminating statements to law enforcement officers, including an admission to transporting methamphetamine from California to Montana to sell it. *See* Offer of Proof (Doc. 79) at 3–7 ¶¶ 1–13.

On July 26, 2016, Smith entered an open plea of guilty to all counts.

At sentencing, Smith was found responsible for 1.717 kilograms of actual

2

methamphetamine. The base offense level was 36. Smith received a two-point upward adjustment for possession of a firearm and a three-level downward adjustment for acceptance of responsibility for a total adjusted offense level of 35. *See* Presentence Report ¶¶ 31–40. With a criminal history category of II, *see id.* ¶¶ 43–54, his advisory guideline range was 168 to 235 months. *See* Statement of Reasons (Doc. 114) § I(A), III. Smith was sentenced to serve 210 months in prison, to be followed by a three-year term of supervised release. *See* Judgment (Doc. 113) at 2–3.

Smith appealed. New counsel was appointed to represent him. He challenged the firearm enhancement and asserted his sentence was enhanced due to sentencing entrapment and manipulation. On December 8, 2017, the Court of Appeals affirmed his sentence. *See* 9th Cir. Mem. (Doc. 139) at 1–3, *United States v. Smith*, No. 16-30277 (9th Cir. Dec. 8, 2017).

Smith petitioned the United States Supreme Court for a writ of *certiorari*, but his petition was denied on February 20, 2018. *See* Clerk Letter (Doc. 142).

Smith's conviction became final on February 20, 2018. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). He timely filed his § 2255 motion on February 19, 2019. *See* 28 U.S.C. § 2255(f)(1).

### III. Claims and Analysis

Smith claims his counsel were ineffective in various respects. These claims

3

are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Smith must allege facts sufficient to support an inference (1) that counsel's performance fell outside the wide range of reasonable professional assistance, *id.* at 687-88, and (2) that there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceeding would have been different, *id.* at 694.

Smith claims that counsel failed to raise objections at sentencing, "including but not limited to the fact that I wanted to oppose[] the gun charge against me." In fact, counsel opposed the two-point enhancement for possession of a firearm, both at sentencing and on appeal. *See* Presentence Report Addendum at 27–28; 9th Cir. Mem. at 2. Smith claims counsel told him, during the sentencing hearing, "We will get back in court and win the gun charge." Mot. § 2255 at 4. Even if counsel said exactly that, Smith cannot show a reasonable probability of a different outcome. He pled guilty to drug charges, not a gun charge. *See* Fed. R. Crim. P. 32(d)(1); Change of Plea Tr. (Doc. 111) at 41:14–42:2. Disagreement with the two-point firearm enhancement was not a "fair and just reason" to withdraw the pleas. *See* Fed. R. Crim. P. 32(d)(2)(B). This claim, Mot. § 2255 at 4 ¶ 5(A), is denied.

Smith also asserts that his guilty plea was invalid because it arose from coercion and intimidation. He claims "the Sentencing Judge repeatedly threatened

4

me by stating that he had the power to put me away for the rest of my life" and "instructed me to stop asserting my innocence." Mot. § 2255 at 4 ¶ 5(B). The record contradicts these allegations. Smith was correctly advised the maximum penalty on each charge was 20 years and that "each and all of these counts has the potential for the imposition of a separate penalty for each offense." *See* Change of Plea Tr. at 14:9–17:17; Fed. R. Crim. P. 11(b)(1)(H). He was not instructed to "stop asserting [his] innocence." This claim, Mot. § 2255 at 4 ¶ 5(B), is denied.

Finally, Smith claims defense counsel told him he "'had to' plead guilty" and "had no other choice." Smith proffers no reason to suppose he had a realistic chance of acquittal at trial. Smith did not contest the basic circumstances of the offense. *See* Presentence Report ¶¶ 7–25 & Addendum at 27–29. These circumstances, involving multiple monitored transactions, do not remotely suggest trial might be a good strategy. There is no reason to suppose counsel's advice was unreasonable and no reason to suppose Smith had a realistic possibility, much less a reasonable probability, of a better outcome had he gone to trial. Because Smith does not allege he was unaware of any fact critical to his choice between pleading guilty and going to trial, there is also no reasonable probability he would have opted for trial. This claim, Mot. § 2255 at 4 ¶ 5(B), is denied.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

5

enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Smith's claims do not meet even the relatively low threshold required for a COA. Smith does not identify any respect in which counsel's performance was unreasonable. Nor does he identify any reasonable probability of a different outcome if counsel had done anything differently. Contrary to Smith's assertion now, counsel did challenge the firearm enhancement. At the change of plea hearing, Smith was properly advised of the penalties he faced, and the transcript shows the judge did not make the statements Smith attributes to him. If, as Smith says, counsel told him he had no choice but to plead guilty, that appears to have been sound advice. Smith does not identify any fact he was not previously aware of that might have affected his choice between pleading guilty and going to trial. There is no reason to encourage further proceedings. A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Smith's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 143) is DENIED.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Smith files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 19-18-H-DLC are terminated and shall close the civil file by entering judgment in favor of the United States and against Smith.

DATED this 27th day of August, 2019.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court