IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16–2–H–DLC |
| Plaintiff, | |
| vs. | ORDER |
| TRENT SCENTAIL SMITH, | |
| Defendant. | |

Before the Court are Defendant Trent Scentail Smith's pro se letters (Docs. 186, 187), which the Court construes as pro se motions. One motion asks whether Mr. Smith is retroactively illegible for the expanded safety valve under the First Step Act. (Doc. 186.) The second motion requests relief on the basis that a district court in the case *United State v. Robinson*, No. 3:21-cr-00014, said "[i]n the context of Methamphetamine, . . . purity is no longer probative of the defendants [sic]." (Doc. 187). Smith was sentenced on November 15, 2016, to 210 months of custody after having plead guilty to eight methamphetamine-trafficking offenses. (*See* Doc. 113.)

First, Smith is not eligible for a reduction under the expanded safety valve of the First Step Act because this amendment is not retroactive. First Step Act of 2018, Pub. L. No. 115-391, § 402(b), 132 Stat. 5194, 5221 (2018) ("The

1

amendments made by this section shall apply only to a conviction entered on or after the date of enactment of this Act.")

Second, the Court is unable to find the referenced *Robinson* case, and, moreover, this Court has not found that, as a matter of policy, the guidelines applicable to methamphetamine—based on purity or otherwise—are too high. While the Court has acknowledged that, in some circumstances, a variance may be warranted based on the 18 U.S.C. § 3553(a) factors for defendants guilty of methamphetamine-trafficking offenses, that does not necessarily apply in all cases. The Court did not find that a variance was warranted in this case. (*See* Doc. 114.)

Accordingly, IT IS ORDERED that the pro se motions (Docs. 186, 187) are DENIED.

DATED this 10th day of March, 2023.

_____
Dana L. Christensen, District Judge
United States District Court