IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16–2–H–DLC |
| Plaintiff, | |
| vs. | ORDER |
| TRENT SCENTAIL SMITH, | |
| Defendant. | |

On November 13, 2023, Defendant Trent Scentail Smith filed a motion to reduce his 210-month federal drug sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 194.) His projected release date is July 15, 2029. *See* Federal Bureau of Prisons, *Inmate Locator*, http://www.bop.gov/inmateloc (last accessed April 1, 2024). On November 21, 2023, counsel was appointed to represent Smith. (Doc. 197.) Appointed counsel filed an amended motion on January 16, 2024. (Doc. 199.) The government opposes the motion. (Doc. 203.)

## ANALYSIS

The First Step Act gives the Court wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) takes into consideration the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) is warranted by "extraordinary and compelling

1

reasons," or the defendant is at least 70 years old and has served at least 30 years in prison; and (3) is consistent with the applicable policy statements of the United States Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). The Sentencing Commission's relevant policy statement adds that the Court may not reduce a term of imprisonment unless "the defendant is not a danger to the safety of any other person or to the community." U.S. Sent'g Guidelines Manual § 1B1.13(a)(2) (U.S. Sent'g Comm'n 2023).[1]

Alternatively, where there have been retroactive amendments to the U.S. Sentencing Guidelines that are applicable to the defendant and have the effect of lowering the defendant's applicable guideline, the Court may reduce the defendant's sentence. 18 U.S.C. § 3582(c)(2); s*ee also United States v. Rodriguez*, 921 F.3d 1149, 1153 (9th Cir. 2019); U.S. Sent'g Guidelines Manual § 1B1.10. Before lowering the defendant's sentence, the Court must first consider the factors set forth in section 3553(a), to the extent that they are applicable, and whether a reduction is consistent with applicable policy statements issued by the Sentencing Commission. § 3582(c)(2).

---

[1] In November 2023, the United States Sentencing Commission adopted revisions to § 1B1.13 of the Sentencing Guidelines Manual, in part, moving the Commission's policy statements that were previously in commentary notes into the actual Guidelines text. *See* United States Sentencing Commission, *2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)* 1–13 (April 27, 2023) (available at https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023).

Smith argues that a reduction in his sentence from 210 months to 120 months is warranted based on: (1) his "serious medical conditions;" (2) risks associated with Covid-19; (3) changes in the law; and (4) his "extraordinary rehabilitative efforts". (Doc. 199 at 3–4.) For the reasons discussed below, the Court denies Smith's motion.

I.  **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Smith has provided two letters of denial from the BOP: one denying a request for compassionate release dated February 15, 2021, (Doc. 204 at 2), and a second denying a request for home confinement dated February 28, 2022, (Doc. 179-2 at 2). Smith also claims that he attempted to submit another request for compassionate release to the BOP "during the pendency of this matter," which was initially "refused by his case manager and later submitted to the warden's mailbox." (Doc. 208 at 2.) Smith has not provided any evidence of this latest request and the Court is not convinced that his earlier attempts satisfy the exhaustion requirement of § 3582(c)(1)(A). Nonetheless, the Court will go on to

address the merits of Smith's arguments.

## II.     Extraordinary and Compelling Reasons—18 U.S.C. § 3582(c)(1)(A)

The Sentencing Commission's policy statement on 18 U.S.C. § 3582(c)(1)(A) provides specific examples for what constitutes extraordinary and compelling reasons to warrant a sentence reduction.  *See* U.S. Sent'g Guidelines Manual § 1B1.13.  The Court looks to these guidelines to determine whether extraordinary and compelling circumstances exist.

### 1.  Medical Circumstances

Certain medical circumstances are extraordinary and compelling, including where the defendant "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death" or "is at increased risk of suffering severe medical complications or death as a result of exposure to [an] ongoing outbreak of infectious disease or [an] ongoing public health emergency."  *Id.* § 1B1.13(b)(1)(C), (D)(ii).

Smith suffers from type II diabetes and related health issues, including morbid obesity, high blood pressure, and sleep apnea.  (Docs. 199 at 20, 200-1 at 2.)  Smith has also developed a mass in his abdomen that causes him pain and suffers from depression.  (Docs. 199 at 20–21, 200-1 at 2, 200-2 at 1.)  Smith argues that these conditions are not being adequately treated by the BOP.  (Doc.

4

199 at 21.)  Smith also argues that his medical conditions place him at a higher risk of death from Covid-19.  (*Id.* at 22.)  The Court does not find either argument compelling.

First, Smith's conditions are being adequately treated by the BOP and he has failed to identify what care he would receive outside of BOP custody that the BOP has not or cannot provide.  Smith's medical records demonstrate that he is being treated for diabetes, hyperlipidemia, depression, sleep apnea, dental caries, a mass in his abdomen, mononeuropathy, and obesity.  (*See* Doc. 207 at 117–119.)  Smith receives two insulin shots daily for his diabetes and his blood sugar level is checked almost daily.  (*Id.* at 110–11.)  In June 2023 Smith's abdominal mass was evaluated and determined to likely be a spigelian hernia.  (Doc. 200-2 at 1.)  In September 2023, ultrasound imaging showed no abnormalities in Smith's abdomen.  (Doc. 200-5.)  A blood test from January 26, 2024, indicates that his diabetes is under control.  (*Id.* at 126.)  Smith has a blood glucose meter and a C-Pap device.  (Doc. 203 at 8.)

Second, Smith has not demonstrated that there is an ongoing outbreak of Covid-19 in the BOP facility where he is located.  This Court and others have repeatedly found that the risk of Covid-19 exposure while in custody is not generally sufficient to warrant compassionate release.  *See, e.g.*, *United States v. Shuler*, No. CR 22-12-BU-DLC, 2024 WL 836840, at *3 (D. Mont. Feb. 28, 2024)

5

(noting that, "while the risk of Covid-19 exposure still exists, especially in the custodial setting, the spread of Covid-19 has significantly decreased"); *United States v. Kleint*, No. 1:17-CR-00111-DCN-1, 2022 WL 1991323, at *3 (D. Idaho June 6, 2022) ("Multiple courts have denied compassionate release to prisoners, even those with high-risk medical conditions, because many of them would likely be less-exposed to the pandemic by remaining at the prison.") (collecting cases). Moreover, Smith received Covid-19 vaccines while in BOP custody. (Doc. 203 at 10.)

   2. **Changes in the Law**

"[A] change in the law[—]other than an amendment to the Guidelines Manual that has not been made retroactive[—]may be considered in determining whether the defendant presents an extraordinary and compelling reason" only where the defendant "received an unusually long sentence and has served at least 10 years of the term of imprisonment." U.S. Sent'g Guidelines Manual § 1B1.13(b)(6). Under no other circumstances may a change in the law—including a non-retroactive amendment to the Guidelines manual—"be considered for purposes of determining whether an extraordinary and compelling reason exists." *Id.* § 1B1.13(c). Reading these provisions together, it is clear that a non-retroactive amendment to the U.S. Sentencing Guidelines should never be considered in determining whether an extraordinary and compelling reason exists. *See* United

States Sentencing Commission, *2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)* 5–6 (April 27, 2023) ("Subsections (b)(6) and (c) operate together to respond to a circuit split concerning when, if ever, non-retroactive changes in law may be considered as extraordinary and compelling reasons within the meaning of section 3582(c)(1)(A). . . . Subsection (b)(6) excludes from consideration as extraordinary and compelling reasons warranting a reduction in sentence changes to the Guidelines Manual that the Commission has not made retroactive.").

Smith was sentenced on November 15, 2016, (Doc. 113), and therefore has not served ten years of his term of imprisonment, so any changes in the law that could apply to the circumstances of his case may not be considered as extraordinary and compelling reasons. Moreover, as discussed in more detail below, Smith has not cited any retroactive amendments to the U.S. Sentencing Guidelines that apply in his case.

### 3. Other Grounds

The defendant may also "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the" examples provided by the Sentencing Commission, "are similar in gravity to" the examples provided by the Sentencing Commission. U.S. Sent'g Guidelines

7

Manual § 1B1.13(b)(5). However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d).

Smith argues that he "should be resentenced on the basis of a methamphetamine mixture instead of meth actual since this Court is entitled to reject the meth actual guidelines as being a poor proxy for Smith's culpability and offense role." (Doc. 199 at 13.) Smith cites to various federal district courts that have rejected the methamphetamine purity guideline. (*Id.* at 11.) Smith also cites to studies addressing the prominence and danger of "contaminated" methamphetamine as compared to "pure" or "actual" methamphetamine. (*Id.* at 14.)

Smith's arguments regarding the methamphetamine purity guideline do not amount to extraordinary and compelling circumstance. This Court has not pronounced a policy disagreement with the guidelines regarding methamphetamine purity, Smith's argument is not "similar in gravity" to the examples provided by the U.S. Sentencing Commission, and policy arguments are more appropriately raised at the time of sentencing, not in a motion under 18 U.S.C. § 3582(c)(1)(A).

Smith does not present any additional arguments that could amount to extraordinary and compelling circumstances. Based on the foregoing, the Court finds that Smith has failed to demonstrate extraordinary and compelling reasons to warrant a reduction of his custodial sentence.

## III.  Amendments to the U.S. Sentencing Guidelines—18 U.S.C. § 3582(c)(2)

The Court will next address whether there have been retroactive amendments to the U.S. Sentencing Guidelines that are applicable to the defendant and have the effect of lowering the defendant's applicable guideline, pursuant to 18 U.S.C. § 3582(c)(2) and U.S. Sentencing Guideline § 1B1.10.

Smith argues that he would be eligible for, and benefit from, the First Step Act's expanded safety valve if sentenced today.  (Doc. 199 at 12.)  Smith was sentenced on November 15, 2016, prior to enactment of the First Step Act of 2018, Public Law No. 115-391, 132 Stat. 5194.  The First Step Act amended 18 U.S.C. § 3553(f) to expand its applicability.  Importantly, this statutory change has since been incorporated into the safety valve provision of the U.S. Sentencing Guidelines at § 5C1.2.  Pursuant to these changes, the Court may now impose a sentence "without regard to any statutory minimum sentence" if the Court finds:

> (1) the defendant does not have—
>> (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
>> (B) a prior 3-point offense, as determined under the sentencing guidelines; and
>> (C) a prior 2-point violent offense, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;

9

>(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
>(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

*Id.* § 3533(f).

Smith argues that the application of § 5C1.2 to his circumstances would result in two-level decrease to his total offense level, resulting in a guideline range of 151 to 188 months, rather than 188 to 235 months.  (Doc. 199 at 12; *see also* Doc. 114 at 1.)  Smith's argument fails because the amendment to the U.S. Sentencing Guidelines that incorporates the First Step Act is not retroactive and, therefore, is not a proper basis for a sentence reduction under § 3582(c).  *See* United States Sentencing Commission, *2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, First Step Act—Drug Offenses* 35 (April 27, 2023) (discussing the non-retroactive amendments to § 5C1.2 meant to incorporate the First Step Act's expanded safety valve eligibility).  Smith has not identified any other amendments to the U.S. Sentencing Guidelines that would support a sentence reduction.

10

IV.   **Section 3553(a) Factors**

Although not necessary based on the above findings, the Court will also address the federal sentencing objectives set forth in 18 U.S.C. § 3553(a) and whether Smith continues to present a risk of danger to the community. The relevant factors the Court must consider include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. 18 U.S.C. § 3553(a)(1), (2). The Court may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *Id.* § 3553(a)(4), (6).

Having considered all of the sentencing objectives set forth in § 3553(a), the Court concludes that these sentencing factors do not support the relief requested. Of specific concern are the nature and circumstances of the offense, Smith's characteristics, and the need to promote respect for the law and deter future criminal conduct. The Court is also not satisfied that Smith is no longer a danger to the community.

Smith was indicted on one count of conspiracy to possess with intent to

11

distribute and to distribute methamphetamine, in violations of 21 U.S.C. § 844 (Count 1), six counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Counts 2–7), and one count of possession with intent to distribute methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) (Count 8). (Doc. 1.) Smith plead guilty to all counts of the Indictment without a plea agreement. (Doc. 92.) Smith was held accountable for 1,717.1 grams of actual methamphetamine. (Doc. 116 ¶ 24.)

Smith's criminal history began at age 19 and includes convictions for reckless driving, DUI, obstructing an officer, driving without a valid license, partner or family member assault, trafficking marijuana while armed with a firearm, child abuse and neglect, flagrant non-support of a child, criminal mischief, and disorderly conduct. (*Id.* ¶¶ 43–52.) At the time of sentencing, Smith also had a pending charge in Cascade County for assaulting another inmate at the Cascade County Detention Center with a mop wringer. (*Id.* ¶ 59.) The victim had lacerations approximately two inches long and two millimeters deep. (*Id.*) Smith's criminal history also includes a number of arrests that resulted in dismissed charges. (*Id.* ¶¶ 60–65.) Two of these dismissed charges also involved the assault of fellow inmates at the Lewis and Clark County Detention Center. (*Id.* ¶¶ 64–65.) Smith's BOP record shows sanctioned events in 2018, 2021, and 2022, including insolence toward staff, refusing to obey orders, and mail

abuse/disrupting monitoring.  (Doc. 205.)

Smith's total offense level under the U.S. Sentencing Guidelines totaled 35, which included a two-point upward adjustment under § 2D1.1(b)(1) for possession of a firearm.  (Doc. 114 at 1.)  Smith's total criminal history score at the time of sentencing was 3, establishing a criminal history category of II.  (*Id.*)  The Court sentenced Smith to a custodial sentence within the guideline range of 188 to 235 years.  (*Id.*)  At sentencing, the Court specifically noted "Defendant's long history of criminal conduct, prior drug conviction involving a firearm, history of multiple assaults, pattern of engaging in illegal activity for profit, [and lack of] intent to reduce his involvement in criminal conduct."  (*Id.* at 4.)  The Court does not find this sentence to be unusually long or disparate in light of the circumstances of the case.

Accordingly, the Court finds that the § 3553(a) factors do not support the requested relief.

## Conclusion

Smith has failed to demonstrate extraordinary and compelling circumstances or any applicable retroactive amendments to the U.S. Sentencing Guidelines that would warrant a reduction in his sentence.  Furthermore, the sentencing factors set forth in 18 U.S.C. § 3553(a) do not support the requested relief.

Accordingly, IT IS ORDERED that the defendant's motion for

compassionate release (Docs. 194, 199) is DENIED.

DATED this 1st day of April, 2024.

_____
Dana L. Christensen, District Judge
United States District Court